Brockway Motor Truck Corporation of Porto Rico, demandante y apelante, *v.* Rafael Díaz Gómez, demandado y apelado.

No. 5483.—*Sometido:* Febrero 3, 1933. *Resuelto:* Julio 18, 1934.

*Molina, Dubón & Ochoteco,* abogados de la apelante; *F. Colón Díaz,* abogado del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Siendo Rafael Díaz Gómez empleado de J. Octavio Seix & Co., Inc., como vendedor de automóviles y camiones de motor (*trucks*), compró a dicha sociedad un automóvil marca "Jordan" en venta condicional por la que suscribió varios pagarés a la orden de J. Octavio Seix & Co., Inc., en los que se comprometió también a pagar honorarios de abogado en caso de reclamación judicial.

Algún tiempo después Brockway Motor Truck Corporation of Porto Rico como endosataria de nueve de esos pagarés vencidos demandó en la corte de Distrito de Ponce a Rafael Díaz Gómez para que le pague la cantidad de $431.28 a que los mismos ascienden, sus intereses de mora y $100 que estima razonables para honorarios de abogado.

El demandado alegó en su contestación a la demanda que pagó dicha deuda a J. Octavio Seix & Co., Inc., con la comisión del 7 por ciento que le correspondía por la venta que hizo de un carro bomba de incendio al municipio de Ponce por la cantidad de $7,000, por la que le correspondían $490 que J. Octavio Seix & Co. tenía que pagarle y que le abonó a la cuenta del automóvil.

Celebrado el juicio recayó sentencia declarando sin lugar la demanda y fué interpuesta esta apelación.

Al fallar este caso el tribunal inferior se expresó así:

"La corte, por la apreciación que ha hecho de la prueba de este caso, es de opinión, que si bien la demandante ha probado que tiene en su poder los pagarés que suscribió y entregó el demandado al com-

prar el automóvil 'Jordan' en venta condicional a J. Octavio Seix & Co., Inc., esa prueba no ha destruido la presentada por el demandado al efecto de que siendo él vendedor de la firma J. Octavio Seix & Co., Inc., vendió al Municipio de Ponce una bomba de incendio por $7,000, de cuya venta correspondía al demandado el 7% de comisión; que el demandado continuó como empleado de la demandante al hacerse cargo de J. Octavio Seix & Co., Inc., y que el Sr. Haines, *manager* de la demandante, tuvo conocimiento de la negociación y convenio hecho por el demandado con J. Octavio Seix & Co., Inc., de que su comisión en la venta de la bomba de incendio, cuando ésta fuera pagada por el Municipio de Ponce, o sea, $490, se le abonaría a los pagarés del automóvil 'Jordan' y se irían cancelando; que dicha bomba fué pagada y al demandado no se le pagó su comisión estando en la creencia de que la oficina de la demandante en San Juan había pagado dichos pagarés, pues el mismo Mr. Haines fué quien le envió la licencia del automóvil 'Jordan' correspondiente al presente año fiscal. Declaró además el demandado que era la costumbre de la demandante quedarse con los pagarés cancelados con sus comisiones.

''La corte es de opinión que, habiéndose alegado estos hechos en la contestación, la demandante no ha presentado prueba alguna para contradecirlos, explicarlos o negarlos, y como consecuencia, no teniendo la corte motivo para no darle crédito a la declaración del demandado, que fué ampliamente corroborada por la de sus testigos, el conflicto de la prueba debe resolverlo a favor del demandado.''

Sólo agregaremos que el pago por el municipio se hizo algún tiempo después de la venta, cuando la demandante estaba encargada de los asuntos de J. Octavio Seix & Co., Inc., y que estuvo conforme en abonar al demandado su comisión por esa venta.

En vista de lo expuesto no puede sostenerse que la corte inferior erró al declarar sin lugar la demanda, como se alega en el primer motivo de este recurso, pues aunque el demandado no demostró haber pagado su deuda, o en otras palabras, haber entregado dinero por ella, probó que J. Octavio Seix & Co., Inc., le debía por su comisión mayor cantidad que la representada por los pagarés cuyo pago se reclama y que la demandante estuvo conforme en abonarle dicha comisión a los pagarés.

Por lo antes expuesto el demandado tenía derecho a una compensación de su deuda de acuerdo con el artículo 1149 del Código Civil, edición de 1930, y en consecuencia nada debe a la demandante por el automóvil que compró, según alegó y probó sin ser contradicho. Ésa fué la teoría alegada por el demandado y fué la sostenida por la corte, por lo que no cometió el error que se le atribuye de fundar su sentencia en teoría distinta a la alegada por el demandado.

*Por todo lo expuesto no cometió error la corte inferior al dictar la sentencia apelada, la que debe ser confirmada.*